# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

REGINALD JORDAN,                    )      No.  CV 04-10490-JTL
                                    )
              Plaintiff,            )
                                    )      MEMORANDUM OPINION AND ORDER
         v.                         )
                                    )
JO ANNE B. BARNHART,                )
Commissioner of Social             )
Security,                           )
                                    )
              Defendant.            )
_____)

## PROCEEDINGS

On January 5, 2005, Reginald Jordan ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of his application for Supplemental Security Income benefits. On February 18, 2005, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on June 29, 2005, defendant filed an Answer to Complaint. On September 20, 2005, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

**BACKGROUND**

On October 22, 2001, plaintiff filed an application for Supplemental Security Income benefits. (Administrative Record ["AR"] at 113-15). Plaintiff alleged that beginning sometime between February 28, 1997 and October 14, 1998, he was unable to work because he suffered from lupus and feet deformities. (AR at 18, 122). The Commissioner denied plaintiff's application for benefits, initially and upon review. (AR at 64-69, 72-75).

On or about August 22, 2002, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 76). On July 17, 2003, the ALJ conducted a hearing in Lancaster, California. (AR at 41-80). Plaintiff appeared at the hearing and testified. (AR at 44-48). Harvey Alpern, M.D., a medical expert, appeared and testified. (AR at 48-56). Ruth Arnush, a vocational expert, also appeared and testified. (AR at 56-60).

On October 17, 2003, the ALJ issued his decision denying benefits. (AR at 18-23). In his decision, the ALJ concluded that plaintiff suffered from the following severe impairments: lupus, cirrhosis of the liver, arthritis, and anemia. (AR at 19). According to the ALJ, however, plaintiff's impairments do not meet or equal any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1. (Id.). The ALJ concluded that plaintiff retained the residual capacity to do light work, with occasional push and pull bilateral. (Id.). The ALJ also determined that plaintiff should not have contact with direct light, dust, fumes, and toxic chemicals. (Id.). Ultimately, the ALJ found that plaintiff was not disabled pursuant to the Social Security Act. (AR at 21).

On December 3, 2003, plaintiff filed a timely request with the Appeals Council for a review of the ALJ's decision. (AR at 11). The Appeals Council subsequently affirmed the ALJ's decision. (AR at 5-7).

## PLAINTIFF'S CONTENTIONS

In the Joint Stipulation, plaintiff makes the following claims:

1.    The ALJ failed to propound a complete hypothetical to the vocational expert.

2.    The ALJ failed to properly consider the opinion of the examining physician.


## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the ALJ's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

///

**DISCUSSION**

**A.   The Sequential Evaluation**

The Commissioner has established a five-step sequential process for determining whether a claimant is disabled.   20 C.F.R. §§ 404.1520, 416.920 (1991); Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).   At step one, disability benefits are denied if the Commissioner determines that the claimant is engaged in substantial gainful activity.  (Id. at 140).  At step two, the Commissioner evaluates whether the claimant has a medically severe impairment which significantly limits his physical or mental ability to do basic work activities.  (Id. at 140-41).  Step three requires a consideration of whether the claimant's impairment is equivalent to one of a number of listed impairments that are so severe as to preclude substantial gainful activity.  (Id. at 141).  If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Id.  If the impairment is not one that is conclusively presumed to be disabling, step four of the evaluation determines whether the impairment prevents the claimant from performing work he has performed in the past.  Bowen, 482 U.S. at 141.  If the claimant cannot perform his past work, the fifth and final step determines whether he is able to perform other work in the national economy in light of his age, education and work experience.  (Id. at 142).  The claimant is entitled to disability benefits only if he is not able to perform such work.  (Id.).

**B.   Incomplete Hypothetical**

Plaintiff claims that the ALJ erred by not including all of plaintiff's limitations in his hypothetical to the vocational expert. Specifically, plaintiff alleges that the ALJ failed to include in the

1   hypothetical his finding that plaintiff not be exposed to dust, fumes
2   and toxic chemicals.  As a result of the omission, plaintiff claims
3   that the ALJ committed reversible error.
4       At the hearing, the ALJ posed the following hypothetical to the
5   vocational expert:

6               Q:   We're looking at an individual with no work
7               record who's 25 and has a GED, high school
8               equivalent.  This particular person would be with
9               – well, we – he'd be limited to what Social
10              Security calls light work, I suspect 10 pounds of
11              lifting frequently and 20 occasionally.  Could
12              stand or walk six hours and sit six.  He should
13              not be exposed to continuous sunlight.  Can
14              certainly walk out into the sun for brief periods
15              but shouldn't be working outdoors or be out for
16              long periods of time in direct sunlight.  And he
17              would be limited to but occasional pushing and
18              pulling capability with his upper extremities.
19              That'd be bilaterally, if course.  He also should
20              be limited from concentrations of dust or fumes,
21              other toxic chemicals.  In your opinion, would
22              this hypothetical person be able to perform any
23              unskilled, light work in significant numbers?

24  (AR at 56-57).  The vocational expert responded that such a
25  hypothetical individual could perform light work, such as the job of
26  an inspector and hand packer.  (AR at 57).  Ultimately, the ALJ relied
27  on the vocational expert's response to his hypothetical in finding
28  ///

that plaintiff had the residual functional capacity to perform light work.  (AR at 21).

In order for a vocational expert's testimony to constitute substantial evidence, the hypothetical question posed must "consider all of the claimant's limitations." Andrews, 53 F.3d at 1044.  While the ALJ need not include every alleged impairment in his hypothetical, he must make specific findings explaining his rationale for disbelieving any subjective complaints that are not included. Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir. 1988); Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984).

Here, plaintiff objects to the hypothetical because he claims that the ALJ failed to include plaintiff's limitations involving dust, fumes, or toxic chemicals in accordance with his findings.  In his decision, the ALJ made the finding that claimant had a "light residual functional capacity, with occasional push/pull bilateral, no contact with direct light, no dust, fumes, or toxic chemicals." (AR at 22). In the text of the decision, the ALJ also wrote that plaintiff "should not work in environments with dust and fumes." (Id.).  On the other hand, the hypothetical that the ALJ posed to the vocational expert limited plaintiff to environments without "concentrations of dust or fumes, [and] other toxic chemicals." (AR at 57).  Plaintiff contends that there is a material difference between the avoidance of concentrations of dust, fumes, and toxic chemicals and the avoidance of all exposure to dust, fumes, and toxic chemicals, which he contends is the ALJ's finding. (Joint Stipulation at 7).  The avoidance of all exposure to dust, fumes, and toxins, plaintiff argues, would require plaintiff to work in only sterile environments, workplaces not contemplated by the positions of an inspector and hand packager cited

by the vocational expert and the ALJ. (Joint Stipulation at 10). The Court agrees. The ALJ's finding that plaintiff be limited to environments with "no dust, fumes, or toxic chemicals" is materially different from the hypothetical environment of no *concentration* of dust, fumes, or toxic chemicals. (AR at 20). In making the finding, the ALJ adopted the recommendation of an examining internist, Adi Klein, M.D., who opined, "Special workplace limitations, no dust, or fumes based on lung condition." (AR at 20, 180). Dr. Klein's recommendation clearly states that plaintiff must avoid dust or fumes, and should not interpreted as meaning no *concentration* of dust, fumes or toxins. The ALJ's failure to apply the specific limitations of his own findings and the findings of Dr. Klein materially affected the vocational expert's response and consequently, the ALJ's determination regarding plaintiff's residual functional capacity. By failing to include the specific limitation outlined in his findings, the ALJ failed to present a complete hypothetical to the vocational expert.

**C.   Remand is Required to Remedy the Defects in the ALJ's Decision**

The choice of whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court. McAlister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional proceedings would remedy the defects in the ALJ's decision, and where the record should be developed more fully. McAlister, 888 F.2d at 603; Rodriquez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1990). An award of benefits is appropriate where no useful purpose would be served by further administrative proceedings, see Gamble v. Chater, 68 F.3d 319, 322-23 (9th Cir. 1995), where the record has been fully developed, see Schneider v. Commissioner of the Social Security Administration, 223

F.3d 968, 976 (9th Cir. 2000); Ramirez v. Shalala, 8 F.3d 1449, 1455 (9th Cir. 1993), or where remand would unnecessarily delay the receipt of benefits.  See Smolen, 80 F.3d at 1292.

Here, the Court finds remand appropriate.  The ALJ failed to pose a complete hypothetical to the vocational expert, in accordance with his findings.  On remand, the ALJ must present a hypothetical to the vocational expert which includes all of his findings regarding plaintiff's limitations.[1]

## ORDER

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS the case for further administrative proceedings consistent with the Memorandum Opinion and Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

DATED: January 30, 2006

```
                                    /s/
                            JENNIFER T. LUM
                            UNITED STATES MAGISTRATE JUDGE
```

---

[1] In the Joint Stipulation, plaintiff also contends that the ALJ erred in failing to properly consider the opinion of the examining physician.  As explained above, however, the ALJ's error in failing to present a complete hypothetical constitutes sufficient reason to remand this case.  Moreover, depending on the outcome of the proceedings on remand, the ALJ will have an opportunity to address plaintiff's other arguments again.  In any event, the ALJ should consider all the issues raised by plaintiff in the Joint Stipulation when determining the merits of plaintiff's case on remand.